THE COURT.
Defendant was charged in the municipal court with a violation of section 12049, subdivisions (a) and (b) of the Elections Code of California, in that he caused to be distributed a circular letter opposing a proposed sewer bond issue for the City of Carlsbad to be voted upon at an election, which circular letter did not bear the name or address of the person or persons responsible for its issuance and distribution. When the proceeding was called for trial, the defendant moved for its dismissal upon the ground that the statute was void on its face. The trial court granted the motion, the action was dismissed and the People have appealed.
*Supp. 857 The defendant and respondent relies upon the ease of Talley v. State of California, 362 U.S. 60 [80 S.Ct. 536, 4 L.Ed. 2d 559]. In that action there was involved an ordinance of the City of Los Angeles by which it was made a misdemeanor to distribute any handbill without there being printed thereon the name and address of the person who printed, wrote, compiled or manufactured the same. This ordinance was upheld in People v. Talley, 172 Cal.App.2d Supp. 797 [332 P.2d 447]. That judgment, however, was reversed by the. Supreme Court of the United States. It was there held that the ordinance invaded the freedom of speech of the defendant and that it was in violation of the Fourteenth and First Amendments of the federal Constitution and was therefore void on its face. The holding is based upon Lovell v. Griffin, 303 U.S. 444 [58 S.Ct. 666, 82 L.Ed. 949].
The People have cited a number of decisions from other states which would appear to be somewhat contrary to the rule laid down in the Talley case. An examination of the ordinance involved in the Talley ease reveals that the only substantial difference between that enactment and section 12049 of the Election Code is that the latter statute is confined to circulars or handbills by which it is sought to influence the result of elections, while the ordinance involved in the Talley case applied to handbills or circulars generally. It is to be noted that there is nothing in either enactment by which it is sought to define the type of statement or utterance that is prohibited. As the enactment is worded, it would be as much a violation to issue a handbill laudatory of a candidate as one that sought to damage his reputation. This court is unable to find sufficient distinction between the distribution of handbills generally and the distribution of handbills concerning elections to justify departure from the rule laid down by the United States Supreme Court.
It is our opinion, therefore, that the municipal court was entirely justified in holding that the statute was void on its face. Therefore, based upon the rule in the Talley case, the order is affirmed.